Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kwame Wegman,<br><br>Plaintiff,<br><br>vs.<br><br>Westlake Services, LLC dba Westlake Financial, MVConnect, LLC dba MVTrac, and Metro Auto Recovery LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Kwame Wegman ("Plaintiff") brings this action against Defendants Westlake Services, LLC dba Westlake Financial ("Westlake"), MVConnect, LLC dba MVTrac ("MVC"), and Metro Auto Recovery LLC ("MAR") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., Article 9 of the Uniform Commercial Code, and Arizona common law.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**PARTIES**

4.   Plaintiff is a natural person who at all relevant times resided in Mesa, Arizona.

5.   Plaintiff is allegedly obligated to pay a debt to Westlake.

6.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.   Westlake is a California limited liability company that regularly takes assignment of motor vehicle purchase contracts.

8.   Westlake is duly authorized to conduct business in Arizona and does so regularly.

9.   MVC is an Illinois limited liability company that does business in this district.

10.   MVC is an entity that at all relevant times was acting as a repossession agent working at the behest of Westlake.

11.   At all relevant times, MVC was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

12.   MVC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13.   MAR is an Arizona limited liability company.

14. At all relevant times, MAR was acting as a repossession agent working at the behest of MVC and Westlake.

15. At all relevant times, MAR was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

16. MAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. On December 17, 2022, Plaintiff purchased a 2022 Toyota Camry (the "Vehicle") from non-party MK Automotive MGMT, LLC.

18. Plaintiff purchased the Vehicle for his own personal, family, and household use.

19. The Vehicle constitutes "consumer goods" as defined by A.R.S. § 47-9102(A)(23).

20. Plaintiff financed his purchase of the Vehicle.

21. In connection with the transaction, Plaintiff executed a loan agreement.

22. Plaintiff's loan agreement was later assigned to Westlake.

23. As part of the agreement, Westlake obtained a security interest in the Vehicle.

24. The Vehicle constitutes "collateral" as defined by A.R.S. § 47-9102(A)(12).

25. Westlake is a "secured party" as defined by A.R.S. § 44-9102(A)(72).

26. Thereafter, Westlake engaged its repossession agents, MVC, to repossess the Vehicle.

27. MVC in turn hired MAR to accomplish the actual repossession of the Vehicle.

28. On the evening of July 11, 2023, Plaintiff was napping in the Vehicle in a parking lot in Mesa, Arizona.

29. At this time, MAR arrived on the scene.

30. Despite Plaintiff's presence in the Vehicle, MAR collided with the Vehicle, forced a tow bar under the Vehicle's tires, and lifted the Vehicle.

31. Plaintiff was terrified and immediately protested the repossession.

32. Instead of ceasing the repossession, MAR continued the repossession in the face of Plaintiff's protest.

33. MAR then leveled a series of threats at Plaintiff.

34. MAR threatened to have Plaintiff arrested.

35. MAR threated that Plaintiff would be imprisoned for five years if MAR contacted the police.

36. Using physical violence and its threats, MAR completed the repossession over Plaintiff's protests.

37. Upon information and belief, MAR maintains a policy of repossessing vehicles in the manner described above.

38. Upon information and belief, MAR maintains this policy to purposefully intimidate, shock, and terrify victims of its violent repossession tactics so that it may more easily repossess vehicles over their owners' protests.

39. Upon information and belief, MAR maintains this policy to allow it to more readily enlist the help of law enforcement officers in its disputed repossessions.

40. Upon information and belief, MAR's actions in this case were motivated by financial gain.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**MAR AND MVC**

41. Plaintiff repeats and re-alleges each factual allegation contained above.

42. Arizona law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." A.R.S. § 47-9609(B)(2).

43. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

44. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

45. Plaintiff unequivocally protested the repossession.

46. Once Plaintiff protested the repossession, MAR lost the right to continue with the repossession.

47. Nonetheless, MAR continued with the repossession and thereby breached the peace.

48. A repossession agent's use of force constitutes a breach of the peace.

49. MAR used physical force on the body of Plaintiff during the repossession and thereby breached the peace.

50. A repossession agent's breach of the peace negates a right to possession.

51. By continuing with the repossession when it had no right to do so, MAR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where no present right to the property existed or the property was exempt by law from such dispossession.

52. MVC, as the debt collector that hired MAR, is liable for MAR's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that MAR violated 15 U.S.C. § 1692f(6)(A);

    b) Adjudging that MVC, as the debt collector that hired MAR, is liable for MAR's FDCPA violation;

    c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    g) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF A.R.S. § 47-9609
## WESTLAKE

53. Plaintiff repeats and re-alleges each factual allegation contained above.

54. Arizona law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." A.R.S. § 47-9609(B)(2).

55. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

56. Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral.

57. Westlake's repossession agent, MAR, breached the peace by continuing the repossession in the face of Plaintiff's unequivocal protest, and by using physical force on Plaintiff during the repossession.

58. Westlake violated A.R.S. § 47-9609(B)(2) when its repossession agent, MAR, breached the peace during the repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Westlake violated A.R.S. § 47-9609(B)(2);

b) Awarding Plaintiff statutory damages, pursuant to A.R.S. § 47-9625(C)(2);

c) Awarding Plaintiff actual damages, pursuant to A.R.S. § 47-9625(C)(1);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**BATTERY**
**MAR AND WESTLAKE**

59. Plaintiff repeats and re-alleges each factual allegation contained above.

60. MAR committed a battery when its employee collided with the Vehicle and lifted it while it was occupied by Plaintiff.

61. MAR's actions in colliding with and lifting the Vehicle while it was occupied by Plaintiff evidence that its actions in this matter were outrageous and guided by an evil mind.

62. MAR's actions in maintaining a policy of undertaking repossessions in the manner described herein evidence that its actions in this matter were outrageous and guided by an evil mind.

63. Westlake, as the party that hired MAR, is liable for MAR's battery.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MAR committed a battery on the person of Plaintiff;

b) Adjudging that Westlake, as the party that hired MAR, is liable for MAR's battery;

c) Awarding Plaintiff his actual damages in an amount to be proved at trial;

d) Awarding Plaintiff punitive damages in an amount to be proved at trial

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

64. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 25, 2023

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff